**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **Richard Hunstein**, | |
| *Plaintiff*, | Case No.: 8:19-cv-00983 |
| v. | *Ad Damnum*: **$2,000 + Fees and Costs** |
| **Preferred Collection and Management Services, Inc.** | |
| *Defendants*. | **JURY TRIAL DEMANDED** |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

**COMES NOW** the Plaintiff, **Richard Hunstein**, ("**Mr. Hunstein**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Preferred Collection and Management Services, Inc.** ("**Preferred**"), stating as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      This is an action brought by Mr. Hunstein against Preferred for violations of the ***Fair Debt Collection Practices Act***, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the ***Florida Consumer Collection Practices Act***, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

<u>**JURISDICTION AND VENUE**</u>

2.      Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and 28 U.S.C § 1331.

3.      Preferred is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4.      This Court has supplemental jurisdiction for Mr. Hunstein's FCCPA claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

6.      **Mr. Hunstein** is a natural person residing in Spring Hill, Hernando County, Florida, and a *consumer* as defined by 15 U.S.C. § 1692a(3).

7.      **Preferred** is a Florida corporation, with a primary business address of 1000 N Ashley Dr., Suite 600, Tampa, FL 33602**.**

8.      Preferred's Registered Agent is **David M. Kelley, 1705 Magdalene Dr., Tampa, FL 33613.**

9.      Preferred is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines into Florida for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.      Preferred is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA9902277. SEE PLAINTIFF'S EXHIBIT A.**

11.      As a licensee, Preferred knows, or should know, the requirements of both the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

12.     Around July 6, 2018, Mr. Hunstein's son was treated at Johns Hopkins All Children's Hospital ("**ACH**").

13.     ACH later claimed that Mr. Hunstein incurred a medical debt of $2,449.93 for charges not covered by insurance (the "**Debt**").

14.     Thereafter, ACH transferred the Debt to Preferred for collection.

15.     Preferred decided to contact Mr. Hunstien about the debt via written correspondence.

16.     However, rather than preparing and mailing a collection letter on its own, Preferred sent information regarding Mr. Hunstein and the Debt to a commercial mail house in or around Concord, California ("**mail house**").

17.     Upon information and belief, the name of the mail house was CompuMail, located in Concord, California.

18.     Preferred disclosed to the mail house:

   a.    Mr. Hunstein's status as a debtor;

   b.   the fact that Mr. Hunstein allegedly owed $2,449.23 to ACH;

   c.   the fact the Debt concerned his son's medical treatment;

   d.   his son's name; and,

   e.   other highly personal pieces of information.

19.     The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Mr. Hunstein's residence in Florida. **SEE PLAINTIFF'S EXHIBIT B.**

20.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

21.     The sending of an electronic file containing information about Mr. Hunstein's purported debt to a mail house is therefore a communication.

22.     Preferred's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged Debt.

23.     Mr. Hunstein never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

24.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

25.     The mail house used by Preferred as part of its debt collection effort against Mr. Hunstein does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

26.     Due to Preferred's communication to this mail house, information about Mr. Hunstein and his son, including their names, medical issues, treatment dates, the amount

allegedly owed, and their home address are all within the possession of an unauthorized third-party.

27.     If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." B*rown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

28.     Preferred unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

29.     In its reckless pursuit of a business advantage, Preferred disregarded the known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers.

30.     Mr. Hunstein has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees or has assigned his rights to fees and costs to the aforementioned firm.

## COUNT I
## PREFERRED'S VIOLATIONS OF THE FDCPA

31.     Mr. Hunstein adopts and incorporates paragraphs 1 – 30 as if fully stated herein.

32.     Preferred violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. Hunstein's purported ACH debt to the employees of an unauthorized third-party mail house in connection with the collection of the Debt.

33.     Preferred violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive medical information about Mr. Hunstein's son, to third parties not expressly authorized under the FDCPA.

34.     Preferred's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Hunstein is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

35.     Preferred intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

36.     By its conduct, Preferred is liable under the FDCPA for statutory damage up to $1,000 and other compensation.

**WHEREFORE,** Mr. Hunstein respectfully requests this Honorable Court enter judgment against Preferred, for:

(a)     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b)     Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c)     Reasonable costs & attorneys' fees under to 15 U.S.C. § 1692k(a)(3); and,

(d)     Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA

37.     Ms. Hunstein adopts and incorporates paragraphs 1 – 30 as if fully stated herein.

38.     Preferred violated Section **559.72(5)**, Florida Statutes, when it disclosed to CompuMail, a third party, information that would affect Mr. Hunstein's reputation, specifically details about Mr. Hunstein's son's medical issues and his payment of debts.

Preferred knew there was no legitimate business *need* for this information, since Preferred could easily have prepared and mailed the letter itself without disclosing the information to a third party.

39.     Preferred *intentionally chose* to disclose this information to CompuMail as part of its debt collection effort solely to increase its operational efficiency and profits.

40.     Preferred's conduct renders it liable for the above-stated violations of the FCCPA, and Mr. Hunstein is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Hunstein respectfully requests this Honorable Court enter judgment, for:

    a.   Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

    b.   Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

    c.   Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party, CompuMail, when attempting to collect a consumer debt.

    d.   Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

    e.   Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Hunstein demands a jury trial on all issues so triable.

Respectfully submitted **April 24, 2019**, by:

/s/Thomas M. Bonan
Thomas M. Bonan, Esq.
**SERAPH LEGAL, P. A.**
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
tbonan@seraphlegal.com
Counsel for Plaintiff

**Exhibits**

**A – Defendant's Consumer Collection Agency License for Florida**

**B – Defendant's Collection Letter to Plaintiff Dated January 29, 2019**