**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICHARD HUNSTEIN,

      Plaintiff,

v.                                    Case No. 8:19-cv-983-T-60SPF

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.,

      Defendant.
_____/


## ORDER GRANTING "MOTION TO DISMISS OF THE DEFENDANT PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC., PURSUANT TO RULE 12(B)(1), (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE"

This matter comes to the Court on the "Motion to Dismiss of the Defendant Preferred Collection and Management Services, Inc., Pursuant to Rule 12(b)(1), (6) of the Federal Rules of Civil Procedure" (Doc. # 6), filed by counsel on May 10, 2019. On May 31, 2019, Plaintiff Richard Hunstein filed a response in opposition to the motion to dismiss. (Doc. # 12). On October 2, 2019, the Court held a hearing on this matter. (Doc. # 19). After reviewing the motion, response, legal arguments, court file, and record, the Court finds as follows:

# <u>Background</u>[1]

Around July 6, 2018, Hunstein's son was treated at Johns Hopkins All Children's Hospital.  The hospital later claimed that Hunstein incurred a medical debt of $2,449.93 for charges not covered by insurance.  Subsequently, the hospital transferred the debt to Preferred for collection.  Preferred sent a communication to a third-party mail house, CompuMail, to prepare and mail a collection letter on its behalf.

Hunstein asserts that in this communication, Preferred disclosed to the mail house: (a) Hunstein's status as a debtor; (b) the fact that Hunstein allegedly owed $2,449.23 to Johns Hopkins All Children's Hospital; (c) the fact that the debt concerned his son's medical treatment; (d) his son's name; and (e) other highly personal pieces of information.  CompuMail then populated some or all of this information into a template, printed, and mailed a debt collection letter from California to Hunstein.  Hunstein contends that because of Preferred's communication to CompuMail, information about himself and his son – including their names, medical issues, treatment dates, the amount owed, and their home address – are all within the possession of an unauthorized third-party.

In the instant action, Hunstein claims that Preferred violated the Fair Debt

---

[1] The Court accepts as true the facts alleged in Hunstein's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Collection Practices Act ("FDCPA")[2] and the Florida Consumer Collection Practices Act ("FCCPA")[3] by disclosing information about Hunstein to a third party "mail house." Hunstein seeks statutory damages, actual damages, and attorneys' fees.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. On a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1) based upon a facial challenge to a complaint, a plaintiff possesses safeguards similar to those retained when a rule 12(b)(6) motion to dismiss for failure to state a claim is raised. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

---

[2] 15 U.S.C. §1692 *et. seq.*
[3] § 559.551, *et seq.*, *Florida Statutes.* Hunstein requests that the Court exercise supplemental jurisdiction over his FCCPA claim based upon the Court's jurisdiction of the FDCPA claim.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556.

## Analysis

Congress enacted the FDCPA in 1977 in order to protect consumers from unfair debt collection practices. *Acosta v. Campbell*, 309 F. App'x 315, 320 (11th Cir. 2009). Under the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. In order to state a claim for relief under the FDCPA, a plaintiff must plausibly allege: (1) the defendant is a debt collector; (2) the challenged conduct is related to debt collection; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

The record reflects – and Preferred does not contest – that Preferred is a debt collector. Furthermore, Preferred concedes that the well-pleaded facts allege

conduct that is related to debt collection. However, Preferred argues that Hunstein

has not and cannot sufficiently allege that the communication with the mail house

violated §1692c(b) because the communication does not qualify as a communication

"in connection with the collection of a debt." The Court agrees.

Section 1692c(b) provides:

> Except as provided in section 804 [15 USCS § 1692b],
> without the prior consent of the consumer given directly to
> the debt collector, or the express permission of a court of
> competent jurisdiction, or as reasonably necessary to
> effectuate a postjudgment judicial remedy, a debt collector
> may not communicate, ***in connection with the collection
> of any debt***, with any person other than the consumer, his
> attorney, a consumer reporting agency if otherwise
> permitted by law, the creditor, the attorney of the creditor,
> or the attorney of the debt collector.

15 U.S.C.S. § 1692c(b) (emphasis added). The phrase "communication in connection

with the collection of a debt" has been addressed numerous times in the Middle

District of Florida as well as the Eleventh Circuit. When determining whether a

communication was made in connection with the collection of a debt, the courts look

to the language of the communication itself to ascertain whether it contains a

demand for payment and warns of additional fees or actions if payment is not

tendered. *See Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir.

2016), *cert. denied*, 137 S. Ct. 2303 (2017). Consequently, when determining

whether the transmission of information to a third party constitutes a violation of

the FDCPA, it is important to consider whether the communication makes an

express or implied demand for payment. *Kinlock v. Wells Fargo Bank, N.A.*, 636 F.

App'x 785, 787 (11th Cir. 2016) (affirming dismissal of FDCPA claim because the complaint failed to allege that the communication made a demand for payment).

In *Farquharson*, for example, the Eleventh Circuit affirmed the dismissal of an FDCPA complaint finding a loan modification offer was not made in connection with collection of any debt since it did not demand or even request payment, or further indicate that any punitive actions would be taken upon failure to make payment. *See Farquharson*, 664 F. App'x at 801. Conversely, the Eleventh Circuit has held that communications demanding "full and immediate payment of all amounts due," and stating that "unless you pay all amounts due and owing under the Note," attorney's fees "will be added to the total amount for which collection is sought" have been deemed to be in connection with the collection of a debt. *See Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014); *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012).

In the instant case, it appears that Hunstein conflates two communications: (1) Preferred's transmission of information to CompuMail for the purpose of generating a letter to Hunstein;[4] and (2) the actual debt collection letter, that was allegedly transmitted from CompuMail to Hunstein. After careful review, the Court finds that Hunstein does not and cannot allege that Preferred attempted to collect

---

[4] The communication from Preferred to the mail vendor is not attached to the complaint. However, the complaint is devoid of any allegation that the communication being challenged attempted to collect Hunstein's debt from CompuMail. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Based on the factual allegations, it would defy logic and common sense to believe that Preferred demanded payment of Hunstein's debt from CompuMail.

Hunstein's debt from CompuMail. Rather, it is the second communication – the letter that Hunstein himself received – that had the objective of motivating someone to pay the debt. The fact that the debt collection letter that CompuMail generated and sent would be considered a "communication in connection with the collection of a debt" does not make the transfer of information to CompuMail a communication in connection with the collection of a debt. It simply makes it a communication with a third party. Consequently, the Court finds that the letter sent from Preferred to the mail house does not violate §1692c(b).

Hunstein also claims that "Preferred violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt, to wit, knowingly disclosing personal information about Mr. Hunstein's son, to third parties not expressly authorized by the FDCPA." However, because the communication from Preferred to the mail house was not in connection with the collection of a debt, the Court finds that this letter does not violate §1692f.

Consequently, the Court finds that Hunstein is unable to state a claim for relief under the FDCPA because the communication from Preferred to CompuMail was not made in connection with the collection of a debt. As such, these claims are dismissed with prejudice. Because the Court has dismissed the FDCPA claims, it declines to accept supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(3); *Butler v. BYL Collection Servs.*, LLC, No. 8:07-cv-00330-T-17MAP, 2007 WL 1725218, at *2 (M.D. Fla. June 14, 2007) (declining to exercise supplemental

jurisdiction over state law claims after dismissal of FDCPA claim).

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Dismiss of the Defendant Preferred Collection and Management Services, Inc., Pursuant to Rule 12(b)(1), (6) of the Federal Rules of Civil Procedure" (Doc. # 6) is hereby **GRANTED**.

2. Hunstein's FDCPA claims in Count I are **DISMISSED WITH PREJUDICE**.

3. The Court declines to exercise supplemental jurisdiction over Hunstein's FCCPA claims in Count II.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>29th</u> day of October, 2019.

_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**